UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 25, 2021

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> HAOTIAN SUN, <br><br> and <br><br> PENGFEI XUE, <br><br> Defendants. | CRIMINAL NO. <br><br> MAGISTRATE NO. 19-MJ-299 <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud) <br><br> 18 U.S.C. § 1341 (Mail Fraud) <br><br> FORFEITURE ALLEGATION: <br> 18 U.S.C. § 981(a)(1)(C); <br> 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### BACKGROUND

At times material to this Indictment:

1. Defendant HAOTIAN SUN resided in Maryland.

2. Defendant PENGFEI XUE resided in Maryland.

3. Conspirator WEN JIN GAO resided in Maryland.

4. Conspirator DIAN LUO resided in Maryland.

5. Apple Inc. ("Apple") was a multinational corporation headquartered in Cupertino, California, that designed, developed, and sold consumer electronic devices, computer software, online services, and personal computers, including personal cellular telephones with extensive computing capabilities known as the Apple iPhone ("iPhone").

6. Each genuine Apple iPhone had two unique identifiers that could be used to identify the product for service: the International Mobile Equipment Identity ("IMEI") number and a serial number. Removing or altering the IMEI number or serial number of an iPhone interfered with Apple's ability to control the quality of its products and the experience of Apple customers whose IMEI numbers and serial numbers were improperly replicated. As a result, an iPhone without an accurate IMEI or serial number was not an authentic Apple device.

7. Apple provided a one-year warranty for new iPhones that warranted against product defects and allowed customers to return a non-functioning device to Apple or an authorized Apple reseller and receive a replacement device. Apple also sold insurance protection plans that extended the warranty beyond one year.

8. Apple offered customers multiple ways to submit an iPhone for repair or replacement under its warranty service and handset replacement program. A customer could (1) ship the phone back to Apple via the United Parcel Service ("UPS") at no cost to the customer; (2) take the phone to an Apple retail store; or (3) take the phone to an Apple Authorized Service Provider.

9. Apple used repair centers in Texas and California, which received certain iPhones submitted by customers for repair or replacement.

10. UPS Stores offered commercial mail receiving agency ("CMRA") mailbox rentals to the public, which were regulated by the United States Postal Service.

11. FedEx Corporation ("FedEx"), DHL, and UPS were multinational companies that provided logistics and shipping services, and were private and commercial interstate carriers.

## COUNT ONE
### (Conspiracy to Commit Mail Fraud)

12. Paragraphs 1 through 11 are incorporated here.

13. Beginning no later than July 2017, and continuing through on or about December 5, 2019, within the District of Columbia and elsewhere, HAOTIAN SUN and PENGFEI XUE, with others known and unknown to the Grand Jury, including WEN JIN GAO and DIAN LUO, knowingly and willfully conspired, combined, confederated, and agreed to commit mail fraud by engaging in a scheme to defraud and to obtain money and property from Apple by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, knowingly took and received from an authorized depository for mail any matter or thing, knowingly caused to be delivered by private and commercial interstate carrier any matter or thing, and deposited and caused to be deposited any matter or thing whatever to be sent and delivered by any private and commercial interstate carrier, in violation of 18 U.S.C. § 1341.

### The Object of the Conspiracy

14. The object of the conspiracy was for the conspirators to unjustly enrich themselves by fraudulently obtaining authentic iPhones from Apple after submitting inauthentic iPhones to Apple for repair and replacement.

### Manner and Means of the Scheme and Artifice to Defraud

15. Members of the conspiracy used the following manner and means, among others, to accomplish the object of the conspiracy:

    a. HAOTIAN SUN, PENGFEI XUE, and others opened CMRA mailboxes at UPS Stores.

  b. HAOTIAN SUN, PENGFEI XUE, and others received via DHL shipments of inauthentic iPhones from Hong Kong, including at those CMRA mailboxes at UPS Stores.

  c. HAOTIAN SUN, PENGFEI XUE, and others submitted inauthentic iPhones to Apple retail stores.

  d. HAOTIAN SUN, PENGFEI XUE, and others submitted inauthentic iPhones to the Apple retail store located at 1229 Wisconsin Avenue, N.W., Washington, D.C., and caused Apple to ship via private and commercial interstate carrier submitted iPhones from Washington, D.C., to Texas and California.

  e. HAOTIAN SUN, PENGFEI XUE, and others submitted inauthentic iPhones to Apple through Apple Authorized Service Providers.

  f. HAOTIAN SUN, PENGFEI XUE, and others received authentic replacement iPhones from Apple.

  g. Members of the conspiracy shipped authentic replacement iPhones to conspirators in Hong Kong.

**(Conspiracy to Commit Mail Fraud, in violation of
Title 18, United States Code, Section 1349)**

### COUNTS TWO THROUGH EIGHT
### (Mail Fraud)

16. Paragraphs 1 through 11 and 14 through 15 are incorporated here.

17. On or about the dates set forth below as to each count, in the District of Columbia, the defendants as specified below, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain money and property from Apple by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused to be delivered by private and commercial interstate carrier, that is FedEx, according to the

direction thereon, iPhones submitted to the Apple retail store located at 1229 Wisconsin Avenue, N.W., in Washington, D.C.

| Count | On or About Date of Mailing | Defendant | Destination |
|---|---|---|---|
| Two | October 30, 2017 | PENGFEI XUE | California |
| Three | November 16, 2017 | PENGFEI XUE | Texas |
| Four | December 22, 2017 | PENGFEI XUE | Texas |
| Five | January 5, 2018 | PENGFEI XUE | California |
| Six | March 29, 2018 | PENGFEI XUE | California |
| Seven | April 2, 2018 | PENGFEI XUE | California |
| Eight | October 3, 2018 | HAOTIAN SUN | Texas |

**(Mail Fraud, in violation of**
**Title 18, United States Code, Section 1341)**

**FORFEITURE ALLEGATION**

1. Upon conviction of any of the offenses alleged in Counts One through Eight, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of a defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

*Channing D. Phillips/jph*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA